## BAKERS ENGINEERING & EQUIPMENT CO. v. REED et al.

### No. 7381.

United States District Court
W. D. Missouri, W. D.

April 29, 1952.

Claude A. Fishburn and Orville O. Gold, Kansas City, Mo., for plaintiff.

O. T. Thomsen, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This is a simple action for the alleged infringement of a trade-mark and for unfair competition. It is charged that Paul N. Reed and the Reed Oven Company are infringing a trade-mark adopted, used and registered by the plaintiff.

The answers of the defendants put in issue the validity of said registered trade-name and charge fraud upon the codefendant Paul N. Reed in connection with its use.

It is averred by the codefendant Paul N. Reed that he was an engineer by profession "specializing in the design and development of bakers' equipment."

It appears that both the parties are engaged in the designing and development of bakers' equipment. At one time, according to the averments, Paul N. Reed was connected with the plaintiff and associated with its officers. It was averred by him that he had a contractual arrangement with the plaintiff for the use of his designs as he might develop them and that he was to be compensated for such use; because of his military engagements he was separated from an active connection with the plaintiff, and that the plaintiff has

fraudulently appropriated his designs and registered and used his name in connection with the trade-mark without his consent and in violation of his contract. His answer further contains an averment that, there was a general plan of the plaintiff to appropriate his designs as well as violate the contractual arrangement with him, and, as a part of the plan, it is alleged by plaintiff that certain designs of the said codefendant, Paul N. Reed, were wrongfully patented by plaintiff.

The plaintiff seeks to have stricken the averments that designs of the said defendant were patented as redundant, and it complains particularly of the use of the words, "and that plaintiff does not come into court with clean hands."

The latter identical averment is contained in the answer of the corporate defendant.

This, being equity, the defendants would both have a right to make these averments in connection with their separate pleas of fraud, and the motion should be overruled.

The motion for a more definite statement in the counterclaim of the co-defendant, Paul N. Reed, should also be overruled. The object of the motion for a more definite statement is to clarify the averments. The averments in said counterclaim are clear and the counterclaim is based upon an alleged breach of contract. The motion performs the office of a motion for a bill of particulars. Such a motion is no longer recognized and has been deleted from the Rules of Civil Procedure. The plaintiff, however, is not without remedy. It would be a simple matter to propound interrogatories to said defendant as to the date of the contract, whether it was in writing or oral, and how long it was to continue.

In view of the above, both motions should be and will be overruled.